Mr. Felix M. Adams Sumter County School Board Attorney 138 Bushnell Plaza, Suite 201 Bushnell, Florida 33513
Dear Mr. Adams:
On behalf of the Sumter County School Board, you have asked for my opinion on substantially the following question:
Does section 1012.61(2)(a)4., Florida Statutes, require a school district to aggregate the years of service of a retired instructional employee from a prior term of employment with the years of service from a second term of employment in order to increase the percentage factor used to calculate unused sick leave pay upon termination of employment from the second period of employment?
According to your letter, a district school teacher retired after thirty years of service. Upon retirement, the teacher was paid for accumulated sick leave as part of the terminal pay provided for in section 1012.61(2)(a)4., Florida Statutes, and the school district's policy. After retirement, the teacher was reemployed by the district in a teaching position. The teacher voluntarily terminated the second term of employment with the district after teaching for several years. It is the teacher's position that the number of years of service during the first term of employment should be added to his or her years of service during the second term of employment in order to entitle the teacher to a higher repayment amount rather than to the lesser amount that would result from a calculation based solely upon the length of service during the second term of employment. You have asked what percentage factor should be used to calculate terminal pay for unused sick leave for such an employee of the district.
Section 1001.32(2), Florida Statutes, provides that "district school boards shall operate, control, and supervise all free public schools in their respective districts and may exercise any power except as expressly prohibited by the State Constitution or general law." This has been acknowledged as giving school boards broad home rule powers to exercise any power for school purposes in the operation and supervision of the free public schools unless expressly prohibited by the constitution or general law.[1]
Section 1012.61(2)(a)4., Florida Statutes, authorizes district school boards to adopt rules governing termination pay for accumulated sick leave to instructional staff and educational support employees using a formula of "daily rate of pay" multiplied by a percentage (based upon the years of service) times the number of days of accumulated sick leave. The statute establishes a maximum amount of terminal pay as follows:
"a. During the first 3 years of service, the daily rate of pay multiplied by 35 percent times the number of days of accumulated sick leave. b. During the next 3 years of service, the daily rate of pay multiplied by 40 percent times the number of days of accumulated sick leave. c. During the next 3 years of service, the daily rate of pay multiplied by 45 percent times the number of days of accumulated sick leave. d. During the next 3 years of service, the daily rate of pay multiplied by 50 percent times the number of days of accumulated sick leave. e. During and after the 13th year of service, the daily rate of pay multiplied by 100 percent times the number of days of accumulated sick leave."
While the statutory language regarding the entitlement to sick leave for employees is mandatory, the provision relating to the adoption of rules for payment for accumulated sick leave is permissive.[2] According to your letter, the district has adopted this statutory language as its policy for payment of terminal pay for accumulated sick leave to instructional staff, but the policy does not address the situation of the reemployment of retired instructional personnel.
This office, in Attorney General's Opinion 72-72, advised a school board regarding the administrative procedures involved in reemploying retired teachers. One of the questions posed was whether a teacher who had retired prior to the establishment by a district school board of a policy authorizing terminal pay benefits for unused sick leave, and who was subsequently reemployed, was entitled to terminal pay benefits based upon her total years of service prior to retirement. Relying on a rule promulgated by the State Board of Education and the construction of that rule by the agency, the opinion concluded that
A reemployed retired teacher is entitled to terminal pay benefits for sick leave accrued during her years of service prior to retirement. However, sick leave does not accrue during her period of temporary reemployment.
Thus, the teacher was allowed to receive terminal sick leave pay based on her previous years of service since she had not been able to take advantage of those benefits upon retirement.
The State Board of Education rule upon which the opinion was based provided that "if a teacher retires and receives terminal pay benefits based on unused sick leave, all unused sick leave credit shall become invalid; however, if a teacher retires without receiving terminal pay benefits and interrupts retirement to return to teaching, his sick leave credit shall be valid." In that situation the teacher had retired prior to the establishment by the school board of a policy for terminal payment for sick leave. Thus, the teacher had not received terminal pay benefits prior to her reemployment. The State Board of Education had interpreted the administrative rule to authorize retroactive payments and, based on that construction, this office concluded that such payments were authorized.
In contrast to the situation addressed in the 1972 Attorney General's Opinion, the Sumter County School Board has adopted a policy for the payment of unused sick leave upon retirement. The teacher involved in the current case was paid in full for his or her unused accumulated sick leave at the time of his or her first retirement. That period of service terminated. A new period of employment commenced upon this teacher's reemployment by the district.
Nothing in section 1012.61, Florida Statutes, would authorize the school district to graft a later period of service onto an earlier one for which a teacher was compensated in order to increase the rate of terminal pay for accumulated sick leave to be paid for this subsequent service. Rather, it appears that upon the teacher's reemployment, the provisions of the statute require that the formula for calculating terminal pay for accumulated sick leave reverts to that provided in section 1012.61(2)(a)4., Florida Statutes, and the calculation begins anew.
Therefore, it is my opinion that section 1012.61(2)(a)4., Florida Statutes, does not require or authorize a school district to aggregate the years of service of a retired instructional employee from a prior term of employment for which terminal pay for unused sick leave was received with the years of service from a second term of employment in order to increase the percentage factor used to calculate unused sick leave pay upon termination of the second period of employment.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] See Ops. Att'y Gen. Fla. 87-18 (1987), 89-87(1989), 95-67 (1995), and 03-40 (2003).
[2] See s. 1012.61(2)(a)1., Fla. Stat., providing that "[e]ach member of the instructional staff employed on a full-time basis is entitled to 4 days of sick leave as of the first day of employment of each contract year . . ."; and s. 1012.61(2)(a)3., Fla. Stat., which states that "[d]istrict school boards may adopt rules permitting the annual payment for accumulated sick leave that is earned for that year and that is unused at the end of the school year[.]"